1

2

3

4

5

6

7

8

Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

| | |
|---|---|
| NEW FLYER INDUSTRIES CANADA ULC, and NEW FLYER OF AMERICA INC.,<br><br>                              Plaintiff,<br><br>        v.<br><br>RUGBY AVIATION LLC d/b/a SAN JUAN AIRLINES,<br><br>                              Defendant. | CASE NO. 2:18-cv-00299-RSL<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |

15

16

        The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

17

**A.      General Principles**

18

19

20

21

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

22

23

24

25

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

26

**B.    ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1.    Custodians. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under his/her control. Thereafter, the parties shall meet and confer to reach agreement on the identity of the custodians. The parties shall make good faith efforts to identify appropriate email custodians and produce discoverable ESI in their possession on the agreed upon schedule, but reserve the right to seek ESI from additional custodians identified through discovery.

2.    Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.    Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.    Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 2

and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.      All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.      Deleted, slack, fragmented, or other data only accessible by forensics.

    b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e.      Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f.      Server, system, or network logs.

    g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h.      Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.      Privilege**

1.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.      Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver

of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.    ESI Discovery Procedures**

1.    On-site inspection of electronic media. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.    Search methodology. The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a.    A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b.    If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

c.    Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large

1    file types.

2        d.    The producing party shall search both non-custodial data sources and ESI

3    maintained by the custodians identified above.

4    3.    <u>Format – documents in electronic format.</u> Except as otherwise provided for in this

5    Stipulation, all documents existing in electronic format shall be produced in multiple page,

6    searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

7        a.    PDF files shall be produced along with Concordance/Opticon image load files

8    that indicate the beginning and ending of each document.

9        b.    For documents which already exist in PDF format prior to production (i.e., which

10    the producing party receives from a client or third party in PDF format), the producing party

11    may provide them in that same PDF format, whether searchable or non-searchable. For

12    documents converted to PDF format prior to production, the producing party shall make

13    reasonable efforts to convert to searchable PDF.

14        c.    **Metadata.** Load files should include, where applicable and to the extent it exists,

15    the following information: document type; custodian and duplicate custodians; author/from;

16    recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time

17    created, sent, modified and/or received; and hash value. However, the parties are not obligated

18    to include metadata for any document that does not contain such metadata in the original, if it is

19    not possible to automate the creation of metadata when the document is collected. The parties

20    reserve their rights to object to any request for the creation of metadata for documents that do

21    not contain metadata in the original.

22        d.    **Production media and encryption of productions.** Unless otherwise agreed,

23    the parties shall provide document productions in the following manner: The producing party

24    shall provide the production data on CDs, DVDs, external hard drives, or SFTP, as appropriate.

25    The producing party shall encrypt the production data using WinRAR encryption, and the

26    producing party shall forward the password to decrypt the production data separately from the

1    CD, DVD, external drive, or SFTP to which the production data is saved.

2    4.    Format for production of documents – hardcopy or paper documents. All documents that

3    are hardcopy or paper files shall be scanned and produced in the same manner as documents

4    existing in electronic format, above.

5    5.    De-duplication.  The parties may de-duplicate their ESI production across custodial and

6    non-custodial data sources after disclosure to the requesting party.

7    6.    Native files. The parties will meet and confer to discuss requests for the production of

8    files in native format, on a case-by-case basis. If the parties are unable to reach agreement with

9    regard to requests for additional documents in native-file format, the parties reserve the right to

10   seek relief from the Court. Documents produced natively shall be represented in the set of

11   imaged documents by a slipsheet indicating the production identification number and

12   confidentiality designation for the native file that is being produced.

13

14   DATED:  October 3, 2018                        DATED:  October 3, 2018

15

16   s/John D. Denkenberger_____         s/Jessica L. Goldman_____
     John D. Denkenberger, WSBA No.: 25907         Jessica L. Goldman, WSBA No.: 21856
17   Christensen O'Connor Johnson Kindness          Summit Law Group PLLC
     PLLC                                           315 Fifth Avenue South, Suite 1000
18   1201 Third Avenue, Suite 3600                  Seattle, WA 98104
     Seattle, WA 98101-3029                         Telephone: 206.676.7000
19   Telephone: 206.682.8100                        Fax: 206.676.7001
     Fax: 206.224.0779                              E-mail: jessicag@summitlaw.com
20   E-mail: john.denkenberger@cojk.com,
     litdoc@cojk.com                                *Attorney for Defendant Rugby Aviation LLC*
21                                                  *d/b/a San Juan Airlines*

22

23

24

25

26

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 6

1  s/Matthew J. Marquardt
   Matthew J. Marquardt, WSBA No.: 25371
2  John S. Artz (admitted pro hac vice)
   Dickinson Wright PLLC
3  2600 West Big Beaver Road, Suite 300
   Troy, Michigan 48084
4  Telephone: 416.777.2393
   Fax: 844.670.6009
5  E-mail: MMarquardt@dickinsonwright.com;
   JSArtz@dickinsonwright.com
6

7  *Attorneys for Plaintiffs New Flyer Industries*
   *Canada ULC and New Flyer of America Inc.*
8

9                              **ORDER**

10  Based on the foregoing, IT IS SO ORDERED.

11

12  DATED:

13

14

15

16

17                                    _____
                                      The Honorable Robert S. Lasnik
18                                    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 7

**ADDITIONAL PROVISIONS FOR MORE COMPLEX CASES**

In addition to the provisions set forth in the Model ESI Agreement above, parties may find the following provisions appropriate and useful in addressing more complicated ESI discovery issues. The complexity of ESI discovery varies from case to case and is not necessarily tied to the number or size of the parties or the amount in controversy. The additional provisions below are intended to assist parties in anticipating and addressing early on more complicated ESI discovery issues but may not be appropriate or necessary in every case. The following provisions are intended as suggested provisions from which parties may pick and choose, taking into consideration the needs of the particular case.

1.  <u>Search methodology.</u>

Upon reasonable request and if appropriate for the particular case, a party shall also disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

2.  <u>Format</u>.

a.  Each document image file shall be named with a unique Bates Number (e.g. the unique Bates Number of the page of the document in question, followed by its file extension). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single- page images and associated multi-page text files containing extracted text or with appropriate software load files containing all requisite information for use with the document management system (e.g., Concordance® or Summation®), as agreed to by the parties.

b.      If appropriate to the particular case, the parties shall consider whether or not the full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. If the parties so agree, the Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g. the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

c.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

3.      Metadata fields.

The parties are to confer and agree on whether metadata is to be produced or may be excluded from discovery. Metadata may not be relevant to the issues presented or, if relevant, may not be reasonably subject to discovery, or may be subject to cost- shifting, considering the factors set forth in Fed. R. Civ. P. 26(b)(2)(C). For example, if one party is producing only paper documents, and the other party is producing ESI, the parties should confer on whether the additional cost and burden of producing metadata by the party producing ESI is reasonable or should be shifted under the facts and circumstances of the case. If the parties agree to produce metadata, and unless otherwise agreed, each party shall produce the following metadata associated with ESI to the extent reasonably accessible: (a) the author(s) of the ESI; (b) the recipient(s) of the ESI; (c) the date the ESI was created; and (d) the source from which the ESI was produced. The "source" of ESI shall be the name of the person who was the custodian of the ESI or, if the name of a person is not available, the storage location (e.g., "Regulatory Shared Drive–Wayne, PA"). This information will be included in the "Author," "Recipient," "Date," and "Source" fields (respectively) for each document in the load file associated with the document images. Although it is presumed generally that the above list of metadata fields will be provided, the list of metadata fields is intended to be flexible and may

1   be changed by agreement of the parties, particularly in light of advances and changes in

2   technology, vendor and business practices.

3        4.    Hard-Copy Documents.

4        If the parties elect to produce hard-copy documents in an electronic format, the

5   production of hard-copy documents shall include a cross-reference file that indicates

6   document breaks and sets forth the Custodian or Source associated with each produced

7   document. Hard-copy documents shall be scanned using Optical Character Recognition

8   technology and searchable ASCII text files shall be produced (or Unicode text format if the

9   text is in a foreign language), unless the producing party can show that the cost would

10  outweigh the usefulness of scanning (for example, when the condition of the paper is not

11  conducive to scanning and will not result in accurate or reasonably useable/searchable ESI).

12  Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the

13  first page of the corresponding production version of the document followed by its file

14  extension).

15       5.    Privilege Log Based on Metadata.

16       The parties agree that privilege logs shall be provided 30 days after the date agreed

17  upon for final production in this matter. The privilege log shall include a unique identification

18  number for each document and the basis for the claim (attorney-client privileged or work-

19  product protection). For ESI, the privilege log may be generated using available metadata,

20  including author/recipient or to/from/cc/bcc names; the subject matter or title and date created.

21  Should the available metadata provide insufficient information for the purpose of evaluation

22  the privilege claim asserted, the producing party shall include such additional information as

23  required by the Federal Rules of Civil Procedure.

24

25

26

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 10

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on Wednesday, October 03, 2018, I electronically filed the foregoing with
3    the Clerk of the Court using the CM/ECF system which will send notification of such filing to
     the following:

4    Jessica L. Goldman
5    Summit Law Group PLLC
     315 Fifth Avenue South, Suite 1000
6    Seattle, WA 98104
     Email: jessicag@summitlaw.com
7

8                                                s/ John D. Denkenberger
9                                                John D. Denkenberger, WSBA No.:  25,907
                                                 Christensen O'Connor Johnson Kindness[PLLC]
10                                               1201 Third Avenue, Suite 3600
                                                 Seattle, WA  98101-3029
11                                               Telephone:  206.682.8100
                                                 Fax:  206.224.0779
12                                               E-mail:  john.denkenberger@cojk.com,
                                                 litdoc@cojk.com
13

14                                               Matthew J. Marquardt, WSBA No.:  25,371
                                                 John S. Artz (admitted pro hac vice)
15                                               Dickinson Wright PLLC
                                                 2600 West Big Beaver Road, Suite 300
16                                               Troy, Michigan 48084
                                                 Telephone:  416.777.2393
17                                               Fax:  844.670.6009
                                                 E-mail:  MMarquardt@dickinsonwright.com;
18                                               JSArtz@dickinsonwright.com
19
                                                 *Attorneys for Plaintiffs New Flyer Industries*
20                                               *Canada ULC and New Flyer of America Inc.*

21

22

23

24

25

26

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 11