UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW FLYER INDUSTRIES CANADA ULC, and NEW FLYER OF AMERICA INC., <br><br> Plaintiffs, <br><br> v. <br><br> RUGBY AVIATION, LLC d/b/a SAN JUAN AIRLINES, <br><br> Defendant. | Case No. 2:18-CV-299-RSL <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE ANSWERS TO INTERROGATORIES AND DENYING DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS |

This matter comes before the Court on plaintiffs' "Motion to Compel Defendant to Produce Answers to Interrogatories and for Sanctions," Dkt. #22, and defendant's "Motion to Remove Confidentiality Designations and Contingent Motion to Seal." Dkt. #27. As defendant's motion concerns the confidentiality designations in its response in opposition to plaintiffs' motion to compel, see Dkt. #24, the Court deals with both motions in a single order.

## BACKGROUND

**A. New Flyer's Motion to Compel**

On February 27, 2018, plaintiffs New Flyer Industries Canada ULC and New Flyer of America Inc. (collectively, "New Flyer") filed a complaint against defendant Rugby Aviation LLC d/b/a San Juan Airlines ("Rugby"), bringing claims of trademark infringement and unfair

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS - 1

competition under the Lanham Act, see 15 U.S.C. § 1051 *et seq*, and under Washington statutory and common law. Dkt. #1 (Compl.) at ¶¶ 52–102.

On September 26, 2018, New Flyer served interrogatories upon Rugby. Ex 1, Dkt. #22-2 at 1–9. Rugby responded on October 26, 2018. Ex. 3, Dkt. #22-3 at 1–9. Five of these interrogatories and corresponding responses are the subject of New Flyer's motion to compel:

> **INTERROGATORY NO. 7:** Identify all facts which support or refute Rugby's denial that its marks infringe Plaintiff's marks.
>
> **ANSWER:** Rugby Aviation objects that this Interrogatory is premature and discovery has just begun. Without waiving these objections, pursuant to FRCP 33(d), see the letter of August 10, 2017 to Matthew Marquardt from Jessica Goldman and all of the documents produced by both parties and by the third parties and each of the Answers to these Interrogatories.
>
> **INTERROGATORY NO. 8:** Identify all facts which support or refute Rugby's contention that Plaintiff's marks [sic] trademarks are conceptually weak.
>
> **ANSWER:** Rugby Aviation objects that this Interrogatory is premature and discovery has just begun. Without waving [sic] these objections, pursuant to FRCP 33(d), see the letter of August 10, 2017 to Matthew Marquardt from Jessica Goldman.
>
> **INTERROGATORY NO. 9:** Identify all third-party trademarks known to Rugby that co-exist with Plaintiff's marks and incorporate two concentric whole or partial circles between two stylized wings, each wing comprising two or more stylized "feathers."
>
> **ANSWER:** Rugby Aviation objects that this Interrogatory is premature and discovery has just begun. Without waving [sic] these objections, pursuant to FRCP 33(d), see the letter of August 10, 2017 to Matthew Marquardt from Jessica Goldman identifying many similar trademarks.
>
> **INTERROGATORY NO. 10:** Identify all facts which support or refute Rugby's contention that it adopted and/or used the colors orange, blue and white in its trademarks prior to Plaintiffs' adoption of its color scheme as reflected in the New Flyer trademarks.
>
> **ANSWER:** Rugby Aviation objects that this Interrogatory is premature and discovery has just begun. Without waving [sic] these objections, pursuant to FRCP 33(d), *see* the correspondence to and from Hubbub concerning the creation of the logo which has previously been produced, SJA 000146–148.
>
> **INTERROGATORY NO. 15:** Identify all facts which support or refute Rugby's contention that purchasers of Rugby's goods and/or services and purchasers of Plaintiff's goods and/or services exercise care in deciding on an appropriate vendor.

**ANSWER:** Rugby Aviation objects that this Interrogatory is premature and discovery has just begun. The services, and, in the case of New Flyer, goods, offered by both parties are precisely the type which consumers are presumed to exercise care in purchasing. Discovery of Plaintiffs' customers will follow.

Id. at 5–7.

On November 7, 2018, New Flyer's counsel sent a letter to Rugby's counsel setting out their objections to Rugby's responses to the interrogatories. Ex. 3, Dkt. #22-4 at 2–4. He requested supplementation of Rugby's answers to Interrogatories Nos. 7–10 and 15.[1] Counsel conferred over the phone on November 9, 2018. Ex. 4, Dkt. #22-5 at 4. On November 11, 2018, New Flyer's counsel sent an email to Rugby's counsel. Id. at 4–5. According to his email, Rubgy's counsel maintained on the phone call that Rubgy's answers to Interrogatories 7–10 and 15 were complete and did not require supplementation. Id. New Flyer's counsel requested Rugby's counsel to inform him within the next two days if they intended to file supplemental responses. Id. Rugby's counsel did not substantively respond to the email. Id. at 4. Counsel met on November 12, 2018. Id. at 3. Rugby's counsel emailed New Flyer's counsel later that day. Regarding Interrogatory No. 7, she stated that the letter from Jessica Goldman to Matthew Marquardt dated August 10, 2017 ("the Letter"), "all of the documents produced by both parties, by the prior owners, and by Mr. [Greg] deVeer reflect[ed] the fact of noninfringement." She noted that discovery had "just begun" and Rugby was "continuing to learn facts which support the noninfringement." Id. She reiterated the same objection that discovery had "just begun" regarding Interrogatories 8–10 and 15. Id. New Flyer filed its motion to compel on January 10, 2019. Dkt. #22. Rugby filed its response on January 22, 2019. Dkt. #24.

**B. Rugby's Motion to Remove Confidentiality Designations**

Rugby's response contains several sealed exhibits. These pertain to the deposition testimony of one of New Flyer's witnesses, Dkt. #26-8, as well as communications between

---

[1] At the time, he also requested that Interrogatory No. 14 be supplemented. Ex. 3, Dkt. #22-4 at 3–4. However, the dispute regarding Interrogatory No. 14 has since been resolved, and is not a subject of New Flyer's motion to compel. See generally Dkt. #22.

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS - 3

counsel regarding the confidentiality of that deposition testimony. Dkts. #26-9–#26-14.[2] The deposition of the witness was conducted on November 12, 2018. Dkt. #37-1 at 2. Her testimony includes information regarding New Flyer's customers in Washington as well as her individual contacts within those customer companies. Ex. 8, Dkt. #36.

New Flyer and Rugby entered into a Stipulated Protective Order on October 9, 2018. This defined "Confidential" material to include "identity of or details about actual or potential customers." Dkt. #20 at 2. "Attorney's Eyes Only" ("AEO") material was defined to include confidential trade secrets. Id. During the witness's deposition, New Flyer's counsel moved to put the testimony pertaining to New Flyer's customers on the AEO record. Rugby's CEO was asked to leave the deposition. Ex. 8, Dkt. #36 at 17:11–18:5. Afterward, counsel conducted a lengthy email exchange between November 12, 2018 and January 22, 2019. Ex. 13, Dkt. #29-5 at 2–14. On November 23, 2018, New Flyer's counsel designated the testimony at issue as "Confidential" instead of "AEO." Id. at 11. Rugby indicated on January 17, 2019 that it intended to rely on portions of the testimony in its response to New Flyer's motion to compel. Id. at 9. New Flyer's counsel reiterated that those portions would need to be filed under seal. Id. at 7. Rugby accordingly filed its response on January 22, 2019 along with a "Motion to Remove Confidentiality Designations and Contingent Motion to Seal." Dkt. #27.

## DISCUSSION

**C. New Flyer's Motion to Compel**

    a. <u>Legal Standard</u>

The Court has "broad discretion to manage discovery." <u>Avila v. Willits Envtl. Remediation Tr.</u>, 633 F.3d 828, 833 (9th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "An interrogatory is not

---

[2] Initially, Rugby erroneously filed unredacted confidential portions of the testimony. That has since been corrected. <u>See</u> Ex. 2, Dkt. #37-2; <u>see</u> Ex. 3, Dkt. #37-3.

objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). If a party fails to answer an interrogatory, the "party seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Brown v. Warner, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

"If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records … and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

"A party claiming that the opposing party inappropriately used [Rule] 33(d) must make a prima facie showing that the use of this rule is somehow inadequate, either because the information is not fully contained in the documents or because it is too difficult to extract." Dibbs v. The Franklin Mint, No. C06-604RSM, 2007 WL 4327876, at *1 (W.D. Wash. Dec. 10, 2007) (internal citation omitted) "The burden then shifts to the producing party to justify the use of [the Rule] instead of direct answers to interrogatories. The producing party may satisfy this burden by first showing that a review of documents will actually reveal answers to the interrogatories, and then justifying why the burden should shift from the responding party to the requesting party." Id. (internal citations omitted).

"Notably, the mere fact that the interrogatory imposes a burden on the responding party is not enough to justify invocation of Rule 33(d). All discovery requests are a burden on the party

who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." <u>Riverfront Landing Phase II Owners' Ass'n for assignee of Charles Gil Peckham & GT Framing v. Assurance Co. of Am.</u>, No. C08-0656RSL, 2008 WL 11344626, at *1 (W.D. Wash. Dec. 16, 2008) (quoting <u>Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Caton</u>, 136 F.R.D. 682, 684-85 (D. Kan. 1991)).

      b. <u>Responses to Interrogatories Nos. 8 and 9</u>

  In its responses to Interrogatories Nos. 8 and 9, Rugby objected that the request was premature. It invoked Rule 33(d) and referred only to the Letter. Ex. 3, Dkt. #22-3 at 5–6.

  The Letter is a response from Rugby to the cease and desist letter sent by New Flyer on August 3, 2017. Ex. 7, Dkt. #26-7 at 2. It states that New Flyer's mark is "conceptually weak" because of the "many similar logos … [in] the marketplace, particularly within the aircraft and air services industry." <u>Id.</u> at 3. Some of these are included as Attachment A. <u>Id.</u> at 7–9. This is not sufficiently responsive. Interrogatories Nos. 8 and 9 "seek to clarify the facts underlying [p]laintiff's claims. [Rubgy's] response would meaningfully contribute to clarifying issues in the case and narrowing the scope of the dispute." <u>City of Seattle v. ZyLAB N. Am., LLC</u>, No. C17-0790-JCC, 2017 WL 5010111, at *1 (W.D. Wash. Nov. 2, 2017). Even if the statements in Rugby's counsel's letter could be considered assertions of fact, <u>see</u> Dkt. #34 at 3, it is not clear whether there are additional facts on which Rugby relies. Attachment A, at least, does not purport to be an exhaustive list of all "products and services using logos similar to the ones used by [Rugby] and New Flyer"—only "many" of them. Ex. 7, Dkt. #26-7 at 3. Rugby has failed to provide "specific facts regarding its affirmative defenses … [its] unresponsive answers are inadequate because [New Flyer] … is entitled to know the factual basis for [Rugby]'s affirmative defenses." <u>City of Seattle</u>, 2017 WL 5010111 at *2. Furthermore, Rugby has failed to "offer any justification for why the burden should be shifted from [it] to [New Flyer] other than [its] conclusory statement[s]." <u>Dibbs</u>, 2007 WL 4327876 at *2.

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS - 6

Rugby also argues that the request is premature. The Court may order that a contention interrogatory need not be answered "until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). "Numerous federal courts have held that contention interrogatories which systematically track all of the allegations in an opposing party's pleadings, and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome." Advocare Int'l, L.P. v. Scheckenbach, No. C08-5332 RBL, 2009 WL 3064867, at *1 (W.D. Wash. Sept. 24, 2009) (quoting Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007) (internal quotation marks omitted). "This is especially true in the early stages of discovery." Miles v. Shanghai Zhenhua Port of Mach. Co., LTS., No. C08-5743 FDB, 2009 WL 3837523, at *1 (W.D. Wash. Nov. 17, 2009).

However, Rugby did not object that the interrogatories were overly broad and did not provide any narrative answers. Advocate Int'l, L.P., 2009 WL 3064867 at *1 (finding that the "narratives included in the Answers themselves and in pleadings referenced by the Plaintiff (including its arguments in connection with the present Motion) [were] more than adequate for the … Defendants to defend the claims asserted against them."). Furthermore, there is some indication that Rugby believes its answers to be adequate as they stand. Ex. 4, Dkt. #22-5 at 4–5; see Miles, 2009 WL 3837523 at *1 (finding plaintiff's response sufficient where "Plaintiff [had] stated that a more detailed explanation … [would] be forthcoming on production of Plaintiff's expert opinion" and cautioning plaintiff that "there is an obligation to supplement discovery in a timely manner.").[3] As previously discussed, they are not. Finally, discovery has presumably

---

[3] Rugby also argues in its opposition that New Flyer gave the same response to several of Rubgy's interrogatories. Ex. 6, Dkt. #26–6 at 5–7, 14. As of January 22, 2019, New Flyer had not supplemented any of its responses, and only two depositions had been taken. Dkt. #26 (Goldman Decl.) at ¶ 3. New Flyer's compliance or lack thereof is not the subject of this motion and is irrelevant. However, the Court notes that New Flyer still provided substantive responses to some of these while objecting to the premature nature of the request. For example, Rugby's Interrogatory No. 4 stated, "State the total amount of damages and other recoverable expenses You are claiming from San Juan Airlines and set forth in detail the calculations used to arrive at such total." Ex. 6, Dkt. #26–6 at 7. In response, New Flyer objected, and then stated, "While Plaintiffs have not yet determined the full amount of

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS - 7

progressed since the filing of this motion. Rugby is obligated to supplement its responses to Interrogatories 8–9 accordingly.

      c. <u>Response to Interrogatory No. 7</u>

In response to Interrogatory No. 7, Rugby again objected that the request was premature, invoked Rule 33(d), and directed New Flyer to, essentially, the entire record; i.e., "all of the documents produced by both parties and by the third parties[4] and each of the Answers to these Interrogatories." Ex. 3, Dkt. #22-3 at 5. Notably, Rugby again did not object that the request was overly broad. See <u>Advocare Int'l, L.P.</u>, 2009 WL 3064867 at *1.

This is not a responsive answer. Rugby does not "specify which records must be reviewed in sufficient detail to enable [New Flyer] to locate and identify such records as required by [Rule] 33(d). Nor does [Rugby] offer any justification for why the burden should be shifted from [it] to [New Flyer] other than [its] conclusory statement." <u>Dibbs</u>, 2007 WL 4327876 at *2; <u>see</u> <u>City of Seattle</u>, 2017 WL 5010111 at *2. As previously discussed, Rugby's objection that the request is premature does not apply, either. Rugby is obligated to supplement its response to Interrogatory No. 7.

      d. <u>Response to Interrogatory No. 10</u>

Similarly, in response to Interrogatory No. 10, Rugby objected that the request was premature and referred to "correspondence to and from Hubbub concerning the creation of the

---

damage they have suffered as a result of Defendant's infringement of their valuable trademark rights, see Response to Interrogatory No. 5 for a summary of the amount Plaintiffs have spent advertising and developing their branding and trademarks, the bulk of which have been put at risk by Defendant's blatant infringement of their valuable trademark rights. The full extent of the damage and harm suffered by Plaintiffs will be revealed during discovery and Plaintiffs will supplement their response to this Interrogatory as required by Fed. R. Civ. P. 26(e)." <u>Id.</u>

    [4] In her email dated November 12, 2018, Rugby's counsel clarified that this included documents produced by Greg deVeer and the prior owners. Ex. 4, Dkt. #22-5 at 3.

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS - 8

logo which has previously been produced." Ex. 3, Dkt. #22-3 at 5.[5] However, Rugby has again failed to "offer any justification for why the burden should be shifted from [it] to [New Flyer] other than [its] conclusory statement." Dibbs, 2007 WL 4327876 at *2. It must supplement its response to Interrogatory No. 10.

   e. Response to Interrogatory No. 15

Finally, in response to Interrogatory No. 15, Rugby objected that the request was premature, and stated, "The services, and, in the case of New Flyer, goods, offered by both parties are precisely the type which consumers are presumed to exercise care in purchasing. Discovery of [Rugby]'s customers will follow." Ex. E, Dkt. #22-3 at 6. In her email dated November 12, 2019, Rugby's counsel supplemented the response to add a reference to the Letter. Ex. 4, Dkt. #22-5 at 3. The Letter itself states only that a "San Juan Airlines' flight, while not exorbitant, is not a run-of-the-mill expense which would elicit little care from the consumer. A purchaser of such a flight is looking for a local, well-respected, safe and trusted airline, and will take the necessary care to ensure the identity of the airline matches the descriptions. Ex. 7, Dkt. #26-7 at 4. Regardless, Rugby indicated that it would supplement its response with information from its customers. It must do so, if it has not already.[6]

**D. Rugby's Motion to Remove Confidentiality Designations**

Rugby is not challenging the designation of the witness's testimony regarding the *names* of her contacts at each of the Washington New Flyer customers as AEO. Dkt. #27 at 4. That testimony has been redacted. See generally id. On the other end, New Flyer is not contesting that the identities of its Washington customers are not confidential. Dkt. #37. However, it maintains

---

[5] This does not seem to have been produced. Rugby has attached some correspondence between Greg DeVeer, the designer of the logo, and San Juan Airlines. But this does not bear the Bates stamp referenced in the response, SJA 00146–148. Ex. 5, Dkt. #26-5 at 33–76.

[6] New Flyer's request for sanctions, however, is denied. See Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc., No. C13-1763JLR, 2015 WL 1263339, at *2 (W.D. Wash. Mar. 18, 2015).

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS - 9

its designations because the testimony "reveals the senior-level employee strategically selected to manage those customers." Id. at 1.

"There is a strong presumption of public access to the court's files." LCR 5(g). However, New Flyer considers confidential "the identity of the supervisory employee whom New Flyer has assigned to serve specific customers in targeted geographical regions." Dkt. #37-4 (Halbesma Decl.) at ¶¶ 5–6; see Dkt. #20 at 2. The press releases, LinkedIn profile and New Flyer's complaint do not suggest otherwise. Dkt. #27 at 7–8. More importantly, there was absolutely no reason for this information to have been attached to Rugby's response to New Flyer's motion to compel. Rugby's extensive discussion of the merits of the case was irrelevant. See Dkt. #24 at 3–9; Dkt. #25; Dkt. #25-1 at 1–24; Dkts. #26-1–#26-4; Dkts. #26-8–#26-14. New Flyer is entitled to maintain its confidentiality designations.

## CONCLUSION

For all the foregoing reasons, New Flyer's motion to compel, Dkt. #22, is GRANTED. Rugby's motion to remove confidentiality designations, Dkt. #27, is DENIED. Rugby's contingent motion to seal Exhibits 8–14 to the Declaration of Jessica Goldman and an unredacted version of this motion, Dkt. #27, is GRANTED.

DATED this 14th day of June, 2019.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS - 10