UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEW FLYER INDUSTRIES CANADA ULC, and NEW FLYER OF AMERICA INC.,

Plaintiffs,

v.

RUGBY AVIATION, LLC d/b/a SAN JUAN AIRLINES,

Defendant.

Case No. 2:18-CV-299-RSL

ORDER DENYING DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS AND GRANTING CONTINGENT MOTION TO SEAL

This matter comes before the Court on the "Motion to Remove Confidentiality Designations and Contingent Motion to Seal" filed by defendant Rugby Aviation, LLC d/b/a San Juan Airlines ("San Juan Airlines"). Dkt. #48.

## **BACKGROUND**

San Juan Airlines' motion for summary judgment, Dkt. #42, refers to various materials that plaintiffs New Flyer Industries Canada ULC, along with its subsidiary, New Flyer of America Inc. (together, "New Flyer") have designated as "confidential" pursuant to their Stipulated Protective Order. Dkt. #20. That order defines "Confidential" material as follows:

> "CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged: technical information, marketing and business plans, databases, specifications, formulations, tooling, prototypes, sketches, models, drawings, specifications, procurement requirements, engineering information, samples, computer software (source and object codes), forecasts,

ORDER DENYING DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS AND GRANTING CONTINGENT MOTION TO SEAL - 1

| | |
|---|---|
| 1 | financial information, including information on sales, costs, and/or profits, identity of or details about actual or potential customers or projects, techniques, inventions, discoveries, know-how and trade secrets. |
| 2 | |
| 3 | |

Dkt. #20 at ¶ 2. The agreement does not apply to information that is in the public domain. Id. at ¶ 3. San Juan Airlines' motion concerns (1) several lines from the deposition of Jennifer Moen, (2) an invoice for the creation of the New Flyer logo, (3) a list of buses New Flyer sold to various customers, and (4) a flowchart. It requests that the confidentiality designations be removed or, on a contingent basis, that the documents be sealed. Dkt. #48.

## DISCUSSION

"There is a strong presumption of public access to the court's files." LCR 5(g). The presumption is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). A "court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Id.</u> at 1096–97 (citation and internal quotation marks omitted). What constitutes a compelling reason is "best left to the sound discretion of the trial court." <u>Id.</u> at 1097 (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 599 (1978)).

A party seeking to seal a document must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of [1] the legitimate private or public interests that warrant the relief sought; [2] the injury that will result if the relief sought is not granted; and [3] why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B); <u>see</u> Dkt. #52 at 4–5.

**A. Moen Deposition Testimony**

The Court has already denied San Juan Airlines' previous motion to remove the confidentiality designations on these portions of Jennifer Meon's deposition testimony. Dkt. #66 at 9–10. New Flyer does not assert that the identities of its Washington customers are

ORDER DENYING DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY
DESIGNATIONS AND GRANTING CONTINGENT MOTION TO SEAL - 2

confidential, only the identity of the employee selected to manage them. Dkt. #52 at 6. Moreover, it is not clear why San Juan Airlines needed to refer to Ms. Moen's testimony specifically to make the point that New Flyer does not sell buses to Whatcom Transportation Authority. See Dkt. #46 at ¶ 15; Ex. 1, Dkt. #46-1 at 49:1–50:25, 185:18–186:5.

**B. New Flyer Invoice**

New Flyer designated as confidential an invoice dated March 31, 2004 concerning the development of its logo and tagline. Ex. 1, Dkt. #49-1 at 64. As the invoice relates to New Flyer's marketing and finances, the Court finds that it should be kept confidential. See Evans v. DSW, Inc., No. CV1603791JGBSPX, 2019 WL 91835, at *3 (C.D. Cal. Jan. 2, 2019); Dkt. #52 at 8. More importantly, the Court did not refer to the invoice at all in its ruling. It was irrelevant. In re iPhone Application Litig., No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("In granting Defendant's Motion for Summary Judgment … , the Court did not rely on any of the material the parties seek to seal. Because the documents that are the subject of [the motion to seal] are unrelated to the Court's reasoning in its … Order, public access to these records will not further the public's understanding of the reasoning underlying the Court's decision.") (citing Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226 (Fed. Cir. 2013)).

**C. New Flyer List of Buses**

New Flyer designated as confidential a list, by year, of the number of buses and bus models that it has sold to specific customers in Washington and Canada, as well as the pricing associated with the sales. Ex. 1, Dkt. #49-1 at 69–70. It argues that although a member of the public might be able to find out individual pieces of information within the document, see Dkt. #48 at 7, New Flyer "prepared this analytical compilation so that it [could] evaluate all of its customer sales with this single snapshot." Dkt. #52 at 9. If made public, it would cause competitive harm to New Flyer. Id. at 9–10. The Court agrees. More importantly, the Court did not refer to the list at all in its ruling. It was irrelevant. See Apple Inc., 727 F.3d at 1226 (concluding that the public had "minimal interest in [the sealed] information" where it was not

considered by the jury in arriving at its award or the Court in its rulings on pretrial motions and was therefore "not necessary to the public's understanding of the case").

### D. New Flyer Flowchart

Finally, New Flyer designated as confidential a flowchart that was last revised on November 2014. Ex. 1, Dkt. #49-1 at 67. San Juan Airlines offered to redact everything on the document except the New Flyer logo at the top and the title of the document. The Court agrees with New Flyer that this redaction would serve little purpose. Aevoe Corp. v. AE Tech. Co., No. 2:12-CV-00053-GMN, 2013 WL 2302310, at *1 (D. Nev. May 24, 2013) ("the Court finds that redaction would not leave meaningful information available to the public, so the entirety of these documents may be filed under seal."). Again, the Court did not refer to this flowchart at all in its ruling on the motion for summary judgment. In re iPhone Application Litig., 2013 WL 12335013 at *2; Apple Inc., 727 F.3d at 1226.

Balancing the competing interests of the public and New Flyer, the Court finds that the material should be kept sealed. Ctr. for Auto Safety, 809 F.3d at 1097.[1]

## **CONCLUSION**

For all the foregoing reasons, San Juan Airlines' motion to remove confidentiality designations is DENIED, and its contingent motion to seal is GRANTED.

DATED this 3rd day of September, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] New Flyer's request for sanctions, however, is denied. See Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc., No. C13-1763JLR, 2015 WL 1263339, at *2 (W.D. Wash. Mar. 18, 2015).

ORDER DENYING DEFENDANT'S MOTION TO REMOVE CONFIDENTIALITY
DESIGNATIONS AND GRANTING CONTINGENT MOTION TO SEAL - 4