UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW FLYER INDUSTRIES CANADA ULC, and NEW FLYER OF AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>RUGBY AVIATION, LLC d/b/a SAN JUAN AIRLINES,<br><br>Defendant. | Case No. C18-299RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on defendant Rugby Aviation, LLC d/b/a San Juan Airlines' ("San Juan Airlines" or "defendant") "Motion for Attorney's Fees and Costs."  Dkt. #81.  The Court, having reviewed the motion and the record contained herein, finds as follows:

### I.  BACKGROUND

New Flyer Industries Canada ULC, along with its subsidiary, New Flyer of America Inc. (together, "New Flyer" or "plaintiffs") brought this action against defendant, alleging claims for trademark infringement, dilution, unfair competition, and unjust enrichment.  Dkt. #1 (Compl.) at ¶¶ 52-102.  Defendant moved for summary judgment and prevailed against plaintiffs on all claims.  See Dkt. #76.  In the instant motion, defendant seeks $272,607.93 in attorney's fees. See Dkts. #81, #85 at 9.

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEY'S FEES - 1

## II.   LEGAL STANDARD

The Lanham Act permits an award of attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a); Halicki Films, LLC v. Sanderson Sales & Marketing, 547 F.3d 1213, 1231 (9th Cir. 2008). The determination of whether a case is "exceptional" is committed to the district court's discretion. Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 572 U.S. 559, 564 (2014). The Ninth Circuit has instructed that "an 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both governing law and the facts of the case) or the unreasonable manner in which the case was litigated." SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1180 (9th Cir. 2016) (en banc) (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)). "[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors identified in Octane Fitness, and [Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)], and using a preponderance of the evidence standard." SunEarth, 839 F.3d at 1181 (citation omitted). The factors to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. (quoting Octane Fitness, 572 U.S. at 554 n.6 (citation omitted)).

## III.   DISCUSSION

As an initial matter, plaintiffs contend that defendant lacks standing to recover attorney's fees because defendant's insurance carrier paid its attorney's fees and costs. Dkt. #84 at 4-6. Plaintiffs have presented no convincing or binding authority to support the proposition that a party cannot recover attorney's fees paid by its insurer where, as here, the party's insurance policy contains a subrogation clause. See Dkt. #86 (Ex. A). Here, defendant maintains that it is obligated to compensate its insurer for fees paid on its behalf. Id.; Dkt. #85 at 4. The Court rejects plaintiffs' standing argument and will proceed to the merits of defendant's fee motion.

1    Defendant alleges that this is an "exceptional case" under the Lanham Act because
2 plaintiffs' claims were unsubstantiated and objectively unreasonable.  It asserts that "New Flyer
3 never seriously expected to prevail on the merits of its claims," and labels the lawsuit
4 "trademark harassment."  Dkt. #81 at 10-11.  To support its argument, defendant describes
5 plaintiffs' inability to identify evidence of actual confusion, to establish relatedness of goods and
6 services, or to satisfy the elements of the Sleekcraft consumer confusion analysis.  Id. at 10-11.
7 It also asserts that "no reasonable litigant in [plaintiffs'] position could believe that its trademark
8 dilution claim would succeed on the merits in light of the total absence of any supporting
9 evidence."  Id. at 11-12.
10   Although summary judgment is generally disfavored in trademark cases, see Fortune
11 Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir.
12 2010), "[a] case is not exceptional simply because the court granted summary judgment," Sand
13 Hill Advisors, LLC v. Sand Hill Advisors, LLC, No. C08-5016 SBA, 2010 WL 8500520, at *3
14 (N.D. Cal. Sept. 20, 2010).  "[O]therwise[,] every Lanham Act case in which summary
15 judgment was granted would be considered an 'exceptional' case."  Id. (citations omitted).
16 While the Court ruled in defendant's favor after finding plaintiffs failed to adduce enough
17 evidence to support their claims, see generally Dkt. #76 at 6-22, it made no finding that
18 plaintiffs' claims were frivolous, improperly motivated, or objectively unreasonable as a matter
19 of law.  See SunEarth, 839 F.3d at 1181.  Defendant also has not shown by a preponderance that
20 considerations of compensation and deterrence favor a fee award in this case.  Id.; see also, e.g.,
21 Nutrition Distrib. LLC v. PEP Research, LLC, No. 16cv2328-WQH-BLM, 2019 WL 2027607,
22 at *2 (S.D. Cal. May 8, 2019) (citation omitted).  The Court rejects defendant's contention that
23 plaintiffs' claims were so unreasonable as to render this case exceptional under the Lanham Act.
24   Defendant also implies that this case is exceptional based on plaintiffs' dilatory litigation
25 tactics.  Dkt. #81 at 5-8.  It asserts that plaintiffs created a burden on its small business
26 operations by repeatedly seeking to delay the litigation.  Id.  Although the record reflects that
27 plaintiffs requested several deadline extensions throughout the pendency of this litigation, see,
28 e.g., Dkts. #82-3 (Ex. 3), #82-7 (Ex. 7), the Court does not view plaintiffs' litigation strategy as

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEY'S FEES - 3

vexatious or unreasonable.  See, e.g., Brown v. Elec. Arts, Inc., 722 F. Supp. 2d 1148, 1154 ("[Defendant] simply points to the added costs, but nowhere seeks to demonstrate that those delays were associated with a plan by [plaintiff] to simply add costs to [defendant] through improper filings.").  There is no evidence that plaintiffs made their requests in bad faith, and defendant stipulated to the only deadline extensions on the Court's calendar.  See Dkts. #11, #39.  The Court declines to make a finding of exceptionality on this basis.[1]

## IV.  CONCLUSION

For all the foregoing reasons, the Court finds that the totality of the circumstances weighs against a finding of exceptionality under the Lanham Act.  Defendant's motion for attorney's fees (Dkt. #81) is accordingly DENIED.

DATED this 1st day of September, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] As a final matter, the Court notes that plaintiffs have consolidated their response to the current motion and to defendant's "Motion for Bill of Costs" (Dkt. #80) into a single response brief.  See Dkt. #84.  In their response, plaintiffs ask the Court to "exercise its discretion and deny all costs" in part because they "acted in good faith in litigating this case."  Id. at 14-15.  Pursuant to the Local Rules of this District, however, motions for costs are considered by the Clerk.  LCR 54(d)(3); see also Assoc. of Mex.-Am. Educ. v. California, 231 F.3d 572, 593 (9th Cir. 2000) ("Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case.").  Therefore, the undersigned declines to intervene at this stage.  To the extent plaintiffs object to the Clerk's taxation of costs, their proper recourse will be to file a motion to retax as set forth in LCR 54(d)(4).

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEY'S FEES - 4